IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | No. 1:10-cv-1549 |
| v. | : | |
| | : | (Chief Judge Kane) |
| CHARLES LEWIS MATTHEWS, | : | |
| Petitioner | : | |
| | : | |

**MEMORANDUM**

Before the Court is Petitioner Charles Lewis Matthews' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 139.) The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court finds that the motion is without merit and must be denied.

**I.      BACKGROUND**

On March 19, 2008, a grand jury returned a seven count indictment against Petitioner and two others, charging all three with conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 (Count I), and charging Petitioner with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count II). (See Doc. No. 1.) That same day, an arrest warrant was issued for Petitioner. Petitioner's arraignment was held on July 29, 2008.

On April 6, 2009, Petitioner pleaded guilty to a superseding information charging him with a single count of distribution of an undisclosed quantity of crack cocaine pursuant to a negotiated plea agreement. On July 16, 2009, Petitioner was sentenced to 210 months imprisonment, three years supervised release, and to pay a $500 fine and a $100 special assessment. On July 22, 2009, Petitioner timely appealed his sentence to the Third Circuit Court of Appeals. (Doc. No. 129.) His appeal was denied on April 12, 2010. (Doc. No. 137.)

Petitioner filed his § 2255 motion on July 26, 2010. (Doc. No. 139.) After returning his notice of election indicating his desire that the Court rule on the § 2255 motion as filed (Doc. No. 143), Petitioner moved to voluntarily dismiss his motion on August 31, 2010 (Doc. No. 146). The Court granted Petitioner's motion to dismiss on September 1, 2010. (Doc. No. 147.) However, on December 15, 2010, after determining that Petitioner sought to reopen his § 2255 motion, the Court reopened the § 2255 motion and directed the Government to respond. (Doc. No. 154.)

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence. However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (citation omitted). Furthermore, § 2255 generally limits federal prisoners' ability to attack the validity of their sentences to four grounds. Hill v. United States, 368 U.S. 424, 426-27 (1962). A prisoner may claim relief by alleging that: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Id. (citing 28 U.S.C. § 2255).

In order to survive, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court. Specifically, a petitioner must establish both: (1) that the performance of counsel fell below an objective

standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the result of the sentencing hearing would have been different.  See Strickland v. Washington, 466 U.S. 668, 687-88, 691-94 (1984); George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001).  A district court is required to hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief."  Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989); see also United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008).

## III. DISCUSSION

In the present case, Petitioner raises four separate ineffective assistance claims, none of which have any merit.  The Court will write briefly to address each claim in turn.

First, Petitioner contends that his trial counsel was ineffective for failing to challenge this Court's subject matter jurisdiction based on the fact that the United States Attorney initiated a prosecution against him "without an affidavit of criminal complaint" and arrested him "without a warrant issued upon probable cause."  (Doc. No. 139 at 2.)  This claim is without merit.  This Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  See 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").  Petitioner was charged with a federal crime by way of an indictment on March 19, 2008, and an arrest warrant was issued pursuant to the indictment that same day.  Any objection to the Court's subject matter jurisdiction or to the probable cause backing the warrant would have been frivolous.  See Gerstein v. Pugh, 420 U.S. 103, 118 n.19 (1975) ("[A]n indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of

3

probable cause and requires issuance of an arrest warrant without further inquiry." (citation omitted)). Therefore, Petitioner's first claim of ineffective assistance of counsel must fail.

Second, Petitioner contends that trial counsel was ineffective for failing to challenge the United States Attorney's lawful power to bring the criminal indictment against Petitioner. (Doc. No. 139 at 4.) However, 28 U.S.C. § 547 grants each United States Attorney the power to "prosecute . . . all offenses against the United States" within his district. 28 U.S.C. § 547(1). Again, Petitioner's claim is without merit; any objection to the legality of his prosecution would have been frivolous. Petitioner's second claim of ineffective assistance must fail.

Third, Petitioner argues that his counsel was ineffective for failing to challenge this Court's "Lack of Personal, Legislative and Territorial Jurisdiction, Criminal Jurisdiction." (Doc. No. 139 at 7.) Petitioner goes through great lengths to argue that he is a citizen and inhabitant of the "Sovereign Republic of Pennsylvania" and that this Court lacked jurisdiction over his criminal case. (See id. at 7-15.) The arguments raised by Petitioner challenging this Court's jurisdiction are meritless, and it cannot be said that his defense counsel was ineffective for failing to raise them.

Finally, Petitioner claims that his trial and appellate counsel provided ineffective assistance by "fail[ing] to research Title 21 prior to advising the petitioner to plead guilty, and filing the petitioner's direct appeal." (Id. at 15.) According to Petitioner, if his counsel had "properly researched Title 21 U.S.C. § 841 they would have learned that Title 21 was not properly ratified by Congress into positive law, and that proper 'Notice' to enforce Title 21 was not published in the 'Federal Register' authorizing their enforcement action." (Id.) This claim is without merit, and defense counsel was not ineffective for failing to raise it. Accordingly, the

4

motion to vacate must be denied as to this claim.

IV.     CONCLUSION

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is entirely without merit and must be denied. No evidentiary hearing is warranted here because the motion and files and records of the case show conclusively that Petitioner is not entitled to relief. Likewise, because reasonable jurists could not debate whether Petitioner's counsel provided ineffective assistance of counsel, no certificate of appealability will issue. See 28 U.S.C. § 2253(c). An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :   No. 1:10-cv-1549 |
| v. | : |
| | :   (Chief Judge Kane) |
| CHARLES LEWIS MATTHEWS, | : |
|     Petitioner | : |
| | : |

## ORDER

**AND NOW**, on this 18th day of January 2011, upon consideration of Petitioner Charles Lewis Matthews's motion to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 139), it is **HEREBY ORDERED THAT** the motion is **DENIED**. No certificate of appealability shall issue. The Clerk of Court is directed to close this case.

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania